IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John W. Miller, | ) | C/A No. 3:20-844-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Sunil Singh; Apple, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    By order dated April 7, 2020, the court authorized the issuance of the summons and service of process ("serve order") against the defendants. (ECF No. 13.) The serve order indicated that, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must serve the defendants within ninety days of the date the summons was issued (April 8, 2020), otherwise, the defendants may be dismissed for lack of service. Therefore, the serve order required Plaintiff to effect service by July 7, 2020.

    On July 16, 2020, the court received a letter from Plaintiff indicating that he never received the summons at his home address (the only address for Plaintiff known to the court). Plaintiff indicates that he is at a new address in Texas. The summons was not returned to the court as undeliverable mail. Plaintiff asks the court to send him the summons at both addresses so he can effect service.

    The court will provide Plaintiff with a **forty-five-day extension, from the date of this order, plus three days for mail time**, with which he may effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff is warned that, if Plaintiff needs more time to effect service in the future, he must file a motion to extend the time for service **and show good cause** for his failure to do so pursuant to Rule 4(m).[1]

    Moreover, while *this order* and accompanying documents will be sent to both addresses provided by Plaintiff, **all future correspondence will be sent to just one address**—the address provided by Plaintiff that the court has on file, which as of now, is Plaintiff's home address in

---

[1] Plaintiff is also warned that he is responsible for monitoring the status of his case and complying with the court's orders, whether or not he receives correspondence from the court. Failure to timely comply with the court's orders may result in the case being dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Johns Creek, Georgia.  As Plaintiff was warned in the court's March 18, 2020 order providing Plaintiff the opportunity to file the documents necessary to effect service of process,

> If your mailing address changes, you must notify the Clerk of Court in writing (901 Richland Street, Columbia, South Carolina 29201) and provide the court with your new address.  This assures that you will receive orders or other matters that specify deadlines for you to meet.  If you miss a deadline because of your failure to notify the court that your address changed, your case may be dismissed, and your failure to notify the court will not be excused.

(ECF No. 4.)

**TO THE CLERK OF COURT**:

The Office of the Clerk of Court is directed to mail a copy of this order, the issued summons (ECF No. 14), and the serve order (ECF No. 13), to Plaintiff at both his Georgia and Texas addresses.  The Clerk shall not update Plaintiff's mailing address for any future correspondence unless Plaintiff sends a notice of a change of address, as Plaintiff was instructed above.  The Clerk shall extend the deadline for service in this case as explained above.

**IT IS SO ORDERED**.

July 29, 2020
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN PERSONAL IDENTIFYING INFORMATION SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS BEFORE YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

    **(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
    **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
    **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
    **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).