IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John W. Miller, | ) | C/A No. 3:20-844-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sunil Singh; Apple, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John W. Miller, a self-represented litigant, filed this employment discrimination action.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motions to dismiss. (ECF Nos. 31 & 32.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Miller of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions.  (ECF No. 33.)  Miller filed responses in opposition to the motions (ECF No. 36, 38, 39), and the defendants replied (ECF Nos. 41, 49). Having reviewed the record presented and the applicable law, the court finds that Singh's motion to dismiss should be granted and Apple's motion to dismiss should be denied.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the defendants' motions to dismiss.  Miller contracted with Apple, Inc. to develop a software application called "MFITester."  (Compl., ECF No. 1 at 6.)  Defendant Sunil Singh[2] presented Miller's work to

---

[1] Plaintiff paid the filing fee.

[2] The Clerk of Court is directed to correct the spelling of Singh's name on the docket.

Apple's upper management but did not give Miller credit for the work. (Id.) Apple provided funding to continue Miller's work but Singh terminated Miller's contract and outsourced the work to India, despite having promised Miller a long-term contract and full-time employment with Apple. (Id.) Miller, who is of Cherokee Indian heritage, was told by Singh when the contract was terminated that Miller is not "a cultural fit for Apple." (Id.) Miller filed this action against Singh and Apple, alleging discrimination and theft of intellectual property. (Id.) The court expressly construed the Complaint as asserting claims of race and nationality discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. (ECF No. 13.)

## DISCUSSION

**A.     Singh's Motion to Dismiss**

Singh argues that Miller's claims against him should be dismissed because the court lacks personal jurisdiction over him. The court agrees.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law under Federal Rule of Civil Procedure 4(k)(1)(A). Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997)). "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Id. (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). South Carolina's long-arm statute has been held to extend jurisdiction "to the outer limits" of due process, Fed. Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n.2 (4th Cir. 1989); therefore, the court can proceed directly to the question of whether exercising personal jurisdiction over Singh is

constitutionally permissible. ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012). When the court, as here, addresses the question of personal jurisdiction based on motion papers, supporting legal memoranda, and the allegations in the Complaint, the plaintiff has the burden to make a *prima facie* showing of jurisdiction to survive a defendant's challenge. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009).

The due process analysis differs depending on whether the personal jurisdiction is based on general or specific jurisdiction. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 131 (4th Cir. 2020). "To establish general jurisdiction over the defendant, the defendant's activities in the State must have been 'continuous and systematic,' a more demanding standard than is necessary for establishing specific jurisdiction." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)); see also Fidrych, 952 F.3d at 131-32 ("General jurisdiction may be exercised when the defendant has contacts with the forum jurisdiction that are so constant and pervasive as to render it essentially at home in the forum State.") (internal quotation marks omitted). For a court to exercise specific jurisdiction over the defendant, the court must consider (1) the extent to which the defendant "purposefully availed" himself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claim arises out of those activities directed at the forum state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." Consulting Eng'rs Corp., 561 F.3d at 278 (citing ALS Scan, Inc., 293 F.3d at 712)). All three prongs must be met. Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016).

Here, Miller puts forth no facts or evidence, as is his burden, that would suggest that Singh's contacts with South Carolina are constant and pervasive, or that Singh has purposefully availed himself of the privilege of conducting activities in South Carolina. See Grayson v.

Anderson, 816 F.3d 262, 268 (4th Cir. 2016) ("When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff.  Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence.") (citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)).  Singh provides an affidavit in which he swears under penalty of perjury that he is a permanent resident of California, he has no contact or affiliation with the State of South Carolina, he has never visited or been present in South Carolina, he owns no property in South Carolina, and he had no interaction with Miller that related to South Carolina.  (Singh Aff. ¶¶ 2-4, ECF No. 40-1 at 2-3.)  Miller does not contest Singh's affidavit, nor does Miller's Complaint provide any facts that would contradict Singh's affidavit.  Consequently, Miller fails to meet his burden of showing that the court has personal jurisdiction over Singh, and Miller's claims against Singh should be dismissed without prejudice.

**B.     Apple's Motion to Dismiss**

**1.     Rule 12(b)(6) Standard**

Apple's motion is based on its position that Miller has failed to state a claim upon which relief can be granted because he has not alleged facts stating a plausible claim.  The court disagrees.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court

to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Although a plaintiff need not plead a *prima facie* case to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), a claim under Title VII is subject to dismissal if it does not meet the pleading standard under Twombly and Iqbal.  See Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 584-85 (4th Cir. 2015); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Here, following initial review of the Complaint pursuant to applicable law, the court determined that Miller's Complaint sought to assert claims of race and nationality discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (ECF No. 13.) As more fully discussed below in connection with Apple's other arguments, Miller

asserts facts plausibly stating a Title VII claim, and Apple's motion should be denied on the ground that Miller fails to plead a plausible claim for relief.

### 2.    Employer-Employee Relationship

Apple argues for the first time in its reply that Miller fails to state a Title VII claim upon which relief can be granted against it because Miller fails to plausibly allege that he was employed by Apple.    Title VII's protections apply to "employers" of the complainant.    See 42 U.S.C. § 2000e(b)-(f); Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015). Specifically, Apple argues that Miller fails to allege in the Complaint that Apple employed Miller, and the record shows that Miller was an employee of one of Apple's vendors.    The court concludes that the pleadings and evidence before the court are inconclusive on this point, and because Apple raised this argument for the first time in its reply, the issue is not fully briefed.    See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.").

In the Complaint, Miller indicates he had a contract with Apple and was promised "potential full-time employment with Apple." (Compl., ECF No. 1 at 6.)    In response to Singh's motion to dismiss, Miller claims he was employed by and owns AppProved Software Corporation, (Pl.'s Resp. Opp'n Singh's Mot to Dismiss, ECF No. 36 at 6), and in his response to Apple's motion to dismiss, Miller claims AppProved Software Corporation owned the software he developed for Apple, (Pl.'s Resp. Opp'n Apple's Mot. to Dismiss, ECF No. 39 at 3).    Further, in Miller's responses, he includes a letter from Apple drafted in response to Miller's EEOC filing indicating that Miller was not an employee of Apple but was actually employed by an unnamed subcontractor of Wipro, a vendor of Apple.  (ECF No. 39-1 at 2.)  However, Miller argues that

Apple's use of a vendor to contract with him is an attempt to avoid employment discrimination laws through legal "subterfuge."  (Pl.'s Resp. Opp'n Apple's Mot. to Dismiss, ECF No. 39 at 3.)

Direct employment is not necessarily a requirement to impute Title VII liability to a defendant.  The United States Court of Appeals for the Fourth Circuit has adopted the joint employment doctrine, which "prevents those who effectively employ a worker from evading liability by hiding behind another entity, such as a staffing agency." Butler, 793 F.3d at 410 (citing Sibley Mem'l Hosp. v. Wilson, 488 F.2d 1338, 1341 (D.C.Cir. 1973)).  In evaluating whether a defendant exercised control over a plaintiff, and thus, is subject to Title VII's provisions, the court must consider the following factors:

> (1) authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; (3) whether the putative employer furnishes the equipment used and the place of work; (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; (5) the length of time during which the individual has worked for the putative employer; (6) whether the putative employer provides the individual with formal or informal training; (7) whether the individual's duties are akin to a regular employee's duties; (8) whether the individual is assigned solely to the putative employer; and (9) whether the individual and putative employer intended to enter into an employment relationship.

Butler, 793 F.3d at 414.  Given the fact-specific nature of this question and the limited record and briefing before the court, the court concludes that it cannot decide this issue on this record, and Apple's motion to dismiss should be denied as to this issue without prejudice refile the motion on a more developed record.

### 3.     Elements of Discrimination

Apple also argues, again for the first time in their reply, that Miller fails to allege sufficient facts to establish the *prima facie* elements of race or national origin discrimination claims.[3]  The court disagrees.

Generally, the elements of a discriminatory discharge claim are that:  (1) the plaintiff is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.  Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005) (quoting Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004)).  Similarly, the elements of a *prima facie* case of discriminatory disparate treatment are:  (1) membership in a protected class; (2) adverse employment action; (3) satisfactory job performance; and (4) different treatment from similarly situated employees outside of the protected class.  See Coleman, 626 F.3d at 190 (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).

Apple argues that for either a discriminatory discharge or disparate treatment claim, Miller fails to allege facts that would plausibly show that he was qualified for the job or that he was performing his duties satisfactorily.  The court disagrees.  Miller specifically alleges that he has a long history of successfully developing software for major technology companies.  (Compl., ECF No. 1 at 6.)  He also alleges that he successfully completed the assignment for Apple that he was hired to complete, but Singh terminated his contract to take advantage of foreign labor while

---

[3] The court reiterates that Miller need not plead facts establishing a *prima facie* case to survive a motion to dismiss.  See Swierkiewicz, 534 U.S. at 511.

indicating Miller was not a "cultural fit" for Apple.  (Id.)  Apple argues Miller's allegations are only his "subjective belief" that he was qualified for the job, but at this stage of the litigation, the court must accept Miller's factual allegations as true.  Apple also argues that its response to the EEOC, which is attached to Miller's response in opposition to Apple's motion, indicates that Miller's job performance was unsatisfactory.  However, again, at this stage, the court must make all inferences in Miller's favor, and Miller's allegations contradict Apple's response to the EEOC. And, specifically as to a discriminatory discharge claim, Apple argues that it did not employ Miller, and therefore, Miller cannot meet the fourth element of the test.  However, as explained above, the court cannot determine whether Apple is Miller's employer under Title VII on this record.  Finally, Miller's pleading can plausibly be construed to assert an alternative claim based on Apple's failure to hire him in a full-time position due to his race or national origin.  Consequently, Apple's motion to dismiss should be denied.

### RECOMMENDATION

Based on the foregoing, the court recommends that Singh's motion to dismiss (ECF No. 32) be granted, and Apple's motion to dismiss (ECF No. 31) be denied.

December 1, 2020                              Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).