IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John W. Miller, | ) | |
| | ) | Civil Action No.: 3:20-cv-00844-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Sunil Singh, and Apple, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 1, 2020. (ECF No. 60.) The Report addresses Plaintiff John W. Miller's ("Plaintiff") employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*, and recommends the court grant Defendant Sunil Singh's ("Singh") Motion to Dismiss (ECF No. 32), and deny Defendant Apple, Inc.'s ("Apple") Motion to Dismiss (ECF No. 31). Plaintiff filed an Objection to the Report (ECF No. 65), to which Defendant Singh filed a Reply (ECF No. 72). Plaintiff then filed a Sur-Reply to Singh's Reply (ECF No. 74.) For the reasons stated, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 60), **GRANTS** Defendant Singh's Motion to Dismiss (ECF No. 32) without prejudice, and **DENIES** Defendant Apple's Motion to Dismiss (ECF No. 31).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

  The Report sets forth the relevant facts and legal standards, which this court adopts and incorporates herein without a full recitation. For the purposes of this motion, the court takes the factual allegations in Plaintiff's Complaint (ECF No. 1) as true. As a brief background, Plaintiff was hired to develop a software application called "MFITester" ("Application") for Apple under

1

the supervision of Software Development Engineer Sunil Singh. (ECF No. 60 at 1.) Over the course of this relationship, Defendant Singh promised to retain Plaintiff on a long-term contract and to employ Plaintiff with Apple full-time. (ECF No. 60 at 1-2.) Defendant Singh broke this promise when he terminated Plaintiff's contract after outsourcing the work to India. (*Id*.) Subsequently, Singh and his team retained Plaintiff's work, hardware, software, and licenses and presented it to Apple's upper management as their own. (*Id*., ECF No. 1 at 6.) Due to Plaintiff's work, they received substantial additional funds. (ECF No. 60 at 1-2, ECF No. 1 at 6.) Singh explained that he terminated the contract because Plaintiff, who is of Cherokee descent, was "not a cultural fit at Apple." (*Id*.) Subsequently, Plaintiff filed the instant suit. (ECF No. 60 at 2.) The Magistrate Judge concluded Plaintiff's Complaint raised a claim for race and nationality discrimination pursuant to Title VII. (*Id*. at 2; *see also* ECF No. 13 at 1.)

Defendant Singh filed a Motion to Dismiss due to lack of personal jurisdiction. (ECF No. 32.) Singh alleged he is a resident of California and has no connection to the State of South Carolina. (*Id*.) He claimed he had not "set foot" in South Carolina, interacted with Plaintiff in South Carolina, nor owned any property there. (*Id*.) Therefore, Singh argued, Plaintiff's claims against him should be dismissed. (*Id*. at 3-5.) The Magistrate Judge agreed, finding Plaintiff had not alleged sufficient grounds to establish general or specific personal jurisdiction over Singh. (ECF No. 60 at 4.)

Defendant Apple also filed a Motion to Dismiss under Rule 12(b)(6). Apple claimed Plaintiff had not stated any plausible claims for relief, and thereby failed to state a claim upon which relief can be granted. (ECF No. 60 at 4.) First, Apple argued Plaintiff's allegations in the complaint could not support the *prima facie* elements of employment discrimination based on race or national origin. (*Id*. at 6-7.) Second, Apple asserted Plaintiff's Complaint failed to plausibly allege he was ever employed by Apple. (*Id*. at 8-9.) The Magistrate Judge found both allegations

were not fully briefed because they were raised, for the first time, in Apple's Reply (ECF No. 49). (ECF No. 60 at 6, 8.) In addition, the Magistrate Judge explained that at this stage of litigation, the court must make all factual inferences in Plaintiff's favor. (*Id*. at 7, 9.) She concluded Plaintiff plausibly alleged a claim for employment discrimination based on race or national origin, and recommended Apple's Motion to Dismiss be denied. (*Id*. at 9.) The parties were apprised of their opportunity to file specific objections to the Report on December 1, 2020. (*Id.* at 10.)

On December 15, 2020, Plaintiff filed a lengthy Objection to the Report. (ECF No. 65.) While Plaintiff largely repeated the facts alleged in his Complaint, he also objected to the Magistrate Judge's finding regarding the lack of personal jurisdiction over Singh. (*Id*. at 3.) Plaintiff also attempted to amend his Complaint to add a new cause of action for "felony [i]ntellectual [p]roperty theft." (*Id*. at 6-7.) Defendants did not file Objections to the Report.

Defendant Singh filed a Response to Plaintiff's Objection on December 29, 2021 (ECF No. 72), alleging Plaintiff failed to challenge the underlying facts preventing the court's exercise of personal jurisdiction over Singh (*Id*. at 3). Plaintiff filed a Sur Reply which largely reiterated his prior objections. (ECF No. 74.)

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's Report

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Review of *Pro Se* Filings

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); s*ee also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

### A. Defendant Apple's Motion to Dismiss

Under the Federal Rules of Civil Procedure, a party may move to dismiss a complaint when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). When ruling upon a motion to dismiss under Rule 12(b)(6), a federal court "must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, "'all reasonable inferences' must be drawn in favor of the complainant." *E.I. du Pont de Nemours &*

4

*Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd v. Consummeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd*, 591 F.3d at 255 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  As such, a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The court carefully examined the findings in the Report and concludes the facts as alleged by Plaintiff do not warrant the dismissal of Plaintiff's claim against Defendant Apple under Rule 12(b)(6).  (ECF No. 60 at 4-9.) Apple did not file an Objection, and the court discerns no clear error on the face of the Report.  Accordingly, the court adopts the Report's recommendation and denies Defendant Apple's Motion to Dismiss.

### B. Defendant Singh's Motion to Dismiss

In his initial Response (ECF No. 65) and Sur Reply (ECF No. 74), Plaintiff objects to the Magistrate Judge's recommendation to dismiss his claims against Defendant Singh due to lack of personal jurisdiction.  Plaintiff argues because the parties are diverse, "any federal district [court] has both personal and subject matter jurisdiction" over disputes with more than $75,000 in controversy.  (ECF No. 74 at 7.)  Plaintiff adds the court also has personal jurisdiction over Singh because he committed "intellectual property theft," a federal crime. (*Id*.)  Finally, Plaintiff seems to argue that under Fed. R. Civ. P. 21, "misjoinder of parties is not grounds for dismissal of an action."

Singh maintains Plaintiff's Objection still fails to allege sufficient facts to establish personal jurisdiction in South Carolina.  (ECF No. 72 at 4-5.)  The court addresses these objections in turn.

Personal jurisdiction refers to a federal court's power over the parties. Subject matter jurisdiction on the other hand, refers to the federal court's power over the issues. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701-03 (1982). *Both* are required for a federal court to hear and decide a case. *See id*. at 701 (explaining "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.") The Magistrate Judge's detailed analysis explains the factors which a federal court must consider in determining whether it has personal jurisdiction over the parties. (ECF No. 60 at 2-3.)

Plaintiff's Objection appears to confuse personal jurisdiction with subject matter jurisdiction. He attempts to argue that the addition of a federal claim for "intellectual property theft" will create personal jurisdiction over Defendant Singh. (*See, e.g.*, ECF No. 65 at 5 (stating the claim for "[f]ederal [i]intellectual [p]roperty theft can only be handle[d] in [f]ederal court . . . . This case cannot be submit[ted] to either [the] state courts of California or Georgia since neither state has personal jurisdiction over both John W[.] Miller [and] Sunil Singh.") (internal marks omitted).) This argument, however, fundamentally misunderstands the nature of personal jurisdiction. Grounded in the Due Process Clause of the Constitution, personal jurisdiction represents an "individual right." *Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 702. It restricts the federal court's power in favor of the individual. *Id.* It rests, at bottom, on the notion of fairness: without some minimal contacts with the forum state, an individual cannot be forced to go there to answer a charge. Like other rights, personal jurisdiction can be waived with the consent of those it protects. *Id*. at 703. But it cannot be limited by the same courts whose power it restricts.

Here, Plaintiff attempts to subject Defendant Singh to the jurisdiction of a federal court in South Carolina. (ECF No. 65 at 5.) But under the Due Process Clause, Singh cannot be brought into a state with which he has no cognizable contacts, and which has no relation to the

6

issues alleged in Plaintiff's suit. In his Objections to the Report, Plaintiff fails to allege *any* facts which rebut Singh's affidavit. For instance, Plaintiff does not allege Singh lives, works, or owns property in South Carolina. He does not allege Singh ever contacted or interacted with him in South Carolina. Indeed, the sole cognizable connection between the dispute at bar and the state of South Carolina is Plaintiff's statement in his Complaint that "South Carolina has a substantial population of Cherokee [residents]" and a "huge branch of [Plaintiff's] family" resides in the state. (ECF No. 1 at 6.) This, however, is not a sufficient basis to establish personal jurisdiction over a non-resident defendant. The Supreme Court of the United States has never required "a plaintiff to have 'minimum contacts with the forum state before permitting that State to assert personal jurisdiction over a nonresident defendant.'" *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 779 (1984). However extensive Plaintiff's contacts with South Carolina may be, they do not support the court's ability to order Singh to defend a charge in this state. Therefore, the facts alleged by the parties and reiterated in Plaintiff's Objection and Sur Reply support the Magistrate Judge's determination that the court has no personal jurisdiction over Defendant Singh.

Plaintiff's attempt to amend his Complaint by adding a federal claim does not correct the deficiency in personal jurisdiction. While it is true that federal courts have subject matter jurisdiction over federal claims,[1] personal jurisdiction is a distinct limitation on the court's power to hear a case. Contrary to Plaintiff's assertion that "personal jurisdiction is moot in [a] federal claim" (ECF No. 65 at 5), a federal court asserting subject matter jurisdiction over a plaintiff's federal claims must *still* determine whether the defendant's contacts with the forum state permit

---

[1] *See* U.S. Const. art. III, § 2, cl. 1 (proclaiming the federal judicial power "shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority"); 28 U.S.C. § 1331 (granting the federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

the court to exercise personal jurisdiction over the defendant. *Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 701.

Plaintiff's objection that "misjoinder of parties is not ground for dismissal of an action" under Fed. R. Civ. P. 21 is irrelevant to Plaintiff's objections regarding personal jurisdiction. Rule 21 addresses the improper joinder of multiple defendants in a single case, when the alleged claims against them either do not arise from the "same transaction, occurrence or series of transactions or occurrences" or do not raise a common "question of law or fact." Fed. R. Civ. P. 20(a)(2)(A)-(B).  The Report did not determine at any point that Defendants Singh and Apple were improperly joined.  The Magistrate Judge's recommendation to dismiss Plaintiff's claim against Singh is grounded entirely in the absence of personal jurisdiction.  (ECF No. 60 at 2-4.) To the extent Plaintiff attempts to argue Singh's dismissal from the case "is not ground for dismissal" of the entire action, he need not worry: Plaintiff is allowed to litigate his claim in a court with personal jurisdiction over Singh and allowed to keep litigating his claim against Defendant Apple in this court.  Dismissing Singh from this court will not affect the remaining claim against Apple in this suit.

Finally, Plaintiff's claim that no court has jurisdiction over both Plaintiff and Singh is entirely without merit.  When a plaintiff files suit in a certain state, he is generally understood to voluntarily submit to the state's jurisdiction. *See Adam v. Saenger*, 303 U.S. 59, 67–68 (1938); *see also Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 704 (explaining a state can exercise jurisdiction over a plaintiff "as the condition of opening its courts" to him).  Plaintiff is therefore at liberty to pursue his claim in a state which has sufficient ties to Singh or the acts which give rise to this dispute.

8

Having considered Plaintiff's arguments, the court denies Plaintiff's Objections to the Report (ECF No. 65.) The court adopts the Report's recommendation and dismisses Plaintiff's claims against Defendant Singh without prejudice,[2] due to lack of personal jurisdiction.

### C. Plaintiff's Motion to Amend Complaint

In his Objection to the Report, Plaintiff attempts to amend his Complaint to include a "federal claim" for intellectual property theft. Ostensibly, Plaintiff does so to establish jurisdiction over the claims against Singh. But, as explained before, this is a misguided attempt to correct the jurisdictional issues in his claim, grounded in Plaintiff's confusion regarding the distinction between subject matter jurisdiction and personal jurisdiction. Upon review, the court denies Plaintiff's Motion to Amend the Complaint for the reasons below.

Plaintiff's purported Motion to Amend does not properly object to the findings in the Magistrate Judge's Report. Moreover, Plaintiff already raised the same facts regarding alleged intellectual property violations in his Complaint. (ECF No. 1 at 6.) The Magistrate Judge considered the factual allegations in the Complaint and determined the only legally cognizable claim therein was Plaintiff's employment discrimination claim. (ECF No. 13 at 1.) Under the standard of review for the Magistrate Judge's Report, the court need not consider this purported motion. In light of Plaintiff's *pro se* status, however, the court examines it below and determines the Motion to Amend must be denied.

---

[2] Dismissals for lack of personal jurisdiction are ordinarily without prejudice. *See, e.g. Pandit v. Pandit*, 808 F. App'x 179, 183 (4th Cir. 2020) (finding "the district court was correct in dismissing the case without prejudice based on its conclusion that it lacked [personal] jurisdiction . . . because such a dismissal does not dismiss the case on the merits.") This permits a plaintiff to re-file his complaint in a court with personal jurisdiction over the defendants.

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave."[3]  The court must "freely give leave when justice so requires." *Id.* A court can deny leave to amend when the "amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  While "delay alone is not sufficient to deny leave to amend," combined with futility, bad faith or prejudice, it meets this threshold.  *Id.* at 509-10.  Prejudice can result when a proposed amendment requires an opposing party to gather and analyze "facts not already considered."  *Id.*  A proposed amendment is futile when it "fails to satisfy the requirements of the federal rules."  *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citations omitted).  This could occur, for instance, when the proposed amendment fails to state a cognizable claim upon which relief can be granted.  *Id.*

Plaintiff attempts to amend his Complaint to add a claim for "felony [i]ntellectual [p]roperty theft."  (ECF No. 65 at 4.)  But Plaintiff's proposed amendment does not explain the nature of his intellectual property claim.  The sole factual support for the claim is Plaintiff's allegation that Singh took credit for his work and presented it as his own. (ECF No. 1 at 6; ECF No. 74 at 7.)  While Plaintiff repeats this assertion throughout his filings, he "refers the court to no legal authority—such as a statute or body of case law—under which the facts as [P]laintiff alleges them would give rise to a cause of action entitling [P]laintiff to a remedy."  *Laake v. Lulu*

---

[3] A party may also amend its pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1).  Here, the time period to amend the pleadings as a matter of course expired 21 days after October 2, 2020, when Defendants' Motions to Dismiss were filed, and well before the Magistrate Judge issued the Report on December 1, 2020.

*Enterprises, Inc.*, No. 5:16-CV-768-FL, 2016 WL 6210779, at *2 (E.D.N.C. Oct. 24, 2016). For instance, it is unclear whether Plaintiff's purported intellectual property claim is grounded in copyright, criminal, trade secrets, or patent law. It fails to give to the defendant "fair notice of what the . . . claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 555. Thus, Plaintiff's proposed amendment fails to satisfy the requirement of Fed. R. Civ. P. 12(b)(6).

Plaintiff's attempt to justify his proposed amendment under Fed. R. Civ. P. 21 is similarly without merit. As explained, Rule 21 addresses the improper joinder of parties. It permits the court to add or drop *parties* at any stage of the action. It does not permit the court to add claims to the complaint. And as discussed, Fed. R. Civ. P. 15, which addresses the addition of claims by the parties, does not require the court to grant Plaintiff's Motion to Amend his Complaint under these circumstances. Accordingly, the court determines that Plaintiff's objection on this ground is without merit.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 60), **GRANTS** Defendant Sunil Singh's Motion to Dismiss (ECF No. 32) without prejudice, and **DENIES** Defendant Apple, Inc.'s Motion for to Dismiss (ECF No. 31).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 10, 2021
Columbia, South Carolina

11