IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John W. Miller,<br><br>                    Plaintiff,<br><br>    v.<br><br>Apple Inc.,<br><br>                    Defendant. | Civil Action No. 3:20-cv-0844-JMC-PJG<br><br><br>**DEFENDANT APPLE INC.'S MOTION TO BE RELIEVED FROM MEDIATION REQUIREMENT** |

Defendant Apple Inc. ("Defendant" or "Apple") hereby moves this Court for an Order relieving it of the requirement to mediate this case. As grounds for its Motion, Apple states as follows:

1.     On February 25, 2020, Plaintiff commenced this action against Apple and Sunil Singh. (*See* ECF No. 1.) Plaintiff's Complaint states a single claim of race and national origin discrimination. (*See* ECF No. 13.)

2.     Pursuant to the Court's Scheduling Order, the discovery deadline expired on November 4, 2021. The current mediation deadline is January 3, 2022.

3.     Apple filed its Motion for Summary Judgment on December 3, 2021. (*See* ECF No. 112.) Plaintiff's deadline for responding to the same is January 3, 2022. (*See* ECF No. 113.)

4.     Due to the size and tone of the previous settlement demands made by Plaintiff,[1] and due to Plaintiff's long record of directing personal insults against Apple employees and/or Apple's counsel, including borderline racist comments by Plaintiff about former defendant/Apple

---

[1] For example, in recent filings, Plaintiff has alleged damages of over $1.3 billion (*see* ECF No. 115) and over $2.6 billion (*see* ECF No. 120).

employee Sunil Singh,[2] Apple has no confidence in Plaintiff's commitment to good-faith, logical negotiation, and therefore believes that mediation would not be productive at this time, and would almost certainly result in an impasse.

5. For those reasons, and to conserve resources in this litigation, Apple respectfully requests that the Court excuse the parties from the requirement to conduct mediation.

6. Alternatively, if the Court is not inclined to relieve the parties from mediation, Defendant requests that the deadline for mediation be deferred until after the Court has ruled on Apple's Motion for Summary Judgment.

7. Pursuant to Local Civ. Rule 7.04 (D.S.C.), defense counsel would show that a full explanation of Defendant's Motion is set forth herein and that a separate memorandum would serve no useful purpose.

WHEREFORE, Apple respectfully moves this Honorable Court to enter an Order relieving it of its duty to mediate this case, as well as such other and further relief as this Court may deem just and proper. Alternatively, if the Court is not inclined to relieve the parties from the mediation requirement, Apple requests that the deadline for mediation be deferred until after the Court has ruled on Defendant's Motion for Summary Judgment.

---

[2] For example, Plaintiff has referred to Mr. Singh as a "liar/theif and technically inferior," a "racist liar," a "stupid A&^%#ole," a "dumb-ass liar," and "just a lying, genetically inferior ass!!!," while referring to his own alleged "American-born superior intellectual superiority" [all *sic*]. [ECF No. 1 at 5-6.] Plaintiff also alleged that Singh suffers from a "**postulated genetic disease that John W Miller named: 'dumb-ass consummate liar syndrome'**". [ECF No. 74 at 2-5 (*emphasis in original*).]

Dated: December 29, 2021

*/s/ Katie E. Towery*
William H. Foster, Bar No. 6221
bfoster@littler.com
Katie Towery, Bar No. 12861
ktowery@littler.com
LITTLER MENDELSON P.C.
110 E. Court Street, Suite 201
Greenville, SC  29601
Telephone:    864-775-3190
Facsimile:    864-725-1065

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that, on December 29, 2021, the undersigned served the foregoing ***DEFENDANT APPLE INC.'S MOTION TO BE RELIEVED FROM MEDIATION REQUIREMENT*** via United States Mail, postage prepaid to:

John W. Miller
460 Lahontan Pass
Johns Creek, GA 30024

*s/ Katie E. Towery*
Katie E. Towery

*Attorney for Apple Inc.*