# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| John W. Miller, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-844-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Apple, Inc., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff John W. Miller, proceeding *pro se*, brought this action against Defendant Apple, Inc., asserting a claim for race and national orientation discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Subsequently, Apple filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, (ECF No. 112), Miller filed a response in opposition to the motion, (ECF No. 123), and Apple then submitted a reply, (ECF No. 128).

Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court grant Apple's motion for summary judgment. (ECF No. 141). Plaintiff filed objections to the Report, (ECF Nos. 151, 152), to which Apple filed a reply, (ECF No. 154). After carefully reviewing the record and the submissions of the parties, the court concludes the issues are adequately developed in the written materials before the court and that a hearing is unnecessary to decide this matter.

**Background**

Because the Report summarizes the factual and procedural background, the court need not recount the same at length here. (ECF No. 141 at 1–2). Briefly, Apple contracted with Wipro for support on a certification project for certain Apple iOS devices. Wipro contracted with IDC Technologies, Inc. to perform some of the work on the project and IDC, in turn, hired AppProved Software Corporation, of which Miller was the sole proprietor and employee, to work on the project. Apple presented the declaration under penalty of perjury of Sunil Singh, one of its employees overseeing the project, who attested it became apparent to him early on that Miller's work was unsatisfactory. (ECF No. 112-5 at 2). According to Singh, Miller was given specific work objectives and "immediate, course-correcting feedback" but he "continued to struggle with completing deliverables" which resulted in project delays. *Id*. at 3. Ultimately, Apple requested that Wipro replace Miller on the project. Following Miller's departure from the project, Nick Rabeis worked on the tasks that had been assigned to Miller and "was able to resolve in a matter of days" the "issues Mr. Miller had spent weeks trying to resolve." *Id*. at 4. Subsequently, Miller, who is of Cherokee Indian heritage, sued Apple for race and national origin discrimination, alleging he was told he was not a good "cultural fit" at Apple. (ECF No. 1 at 6).

**Report and Recommendation**

In the Report, the magistrate judge concluded that Miller failed to forecast sufficient evidence to establish a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework.[1] (ECF No. 141 at 7). Specifically, the magistrate judge concluded that "Miller fails to cite any evidence in the record that he was performing his job duties at a level that met Apple's legitimate expectations or that he was replaced by a similarly qualified applicant outside

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2

of his protected class." *Id*. Furthermore, the magistrate judge noted that Miller did not point to any admissible evidence that would "contradict Singh's declaration that Miller's work product was unsatisfactory." *Id*.

The magistrate judge further concluded that, even if Miller could establish a prima facie case of discrimination, Apple provided evidence that he was taken off the project for a legitimate and nondiscriminatory reason—that his work on the project was simply not up to par—and Miller failed to highlight any evidence that could support the conclusion that Apple's legitimate, nondiscriminatory reason was pretextual. *Id*. at 8.

Finally, the magistrate judge found no "direct or circumstantial evidence in the record from which a reasonable jury could conclude that he was discriminated against based on his race or national origin." *Id*. at 6. Specifically addressing Miller's key allegation that he was advised he was not a "cultural fit" at Apple, the magistrate judge noted that Miller forecast no evidence an Apple employee made such a comment or that such a comment referred to his heritage, and that the uncontradicted evidence in the record is that Singh did not know Miller's heritage and background. *Id*. [2]

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the

---

[2] Apple also argued that Miller was not an employee for purposes of Tile VII; however, in light of her other conclusions, the magistrate judge declined to address this particular argument. (ECF No. 141 at 6 n.2).

court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings' "); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment ... do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This

4

does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## Discussion

**Objections to the Report**

Miller filed fourteen pages of objections to the Report. (ECF No. 151). In large part, Miller merely uses these objections to reargue, rehash, and reassert his claims, and he supports his position that a factual dispute exists by citing to memoranda that were previously submitted to and considered by the magistrate judge. *Id*. at 3. To the extent Miller recites what he believes are factual disputes precluding summary judgment, he simply makes unsworn allegations and fails to show that the record contains any evidence supporting such allegations. To the extent Miller contends that summary judgment was not appropriate because discovery is not complete, *id*. at 5, the court notes the discovery deadline was November 4, 2021—one month prior to Apple's summary judgment motion—and the magistrate judge imposed that deadline only after granting an extension for the discovery period which was originally to be closed by September 9, 2021 (ECF No. 77)—an extension that Miller *opposed*, (ECF No. 82). The court concludes that Miller's objections fail to demonstrate the magistrate judge made any error which would require the court to deviate from her recommendation that summary judgment be granted. Accordingly, Miller's objects are **OVERRULED**.

5

Miller also submitted his own affidavit (ECF No. 152) in support of his objections. "The court has discretion to receive Plaintiff's new evidence as part of the review of the [m]agistrate [j]udge's Report and Recommendations." *Blake v. Children's Attention Home*, Civ. A. No. 0:11-02825-MBS, 2013 WL 1281946 (D.S.C. Mar. 26, 2013); *see also Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002) ("[T]he question of whether to consider such evidence rests within the sound discretion of the district court."). Plaintiff offers no explanation as to why he provided the affidavit at this point rather than earlier in the process as he was advised by the *Roseboro* order issued by the court after Apple filed the motion for summary judgment. *See* (ECF No. 113). However, even if the court considers the untimely affidavit in view of Miller's *pro se* status, it affords the court no basis for rejecting the Report. The affidavit suggests that the magistrate judge's recitation of background facts is erroneous, and that Singh's declaration consists of lies. (ECF No. 152 at 2). For support, Miller cites not to documents, affidavits, or other admissible evidence in the record before the magistrate judge but to memoranda filed in opposition to a dispositive motion filed by Singh, not Apple. *Id*. The other portions of Miller's affidavit—highlighting the fact that the EEOC issued a right-to-sue letter and objecting to earlier filings by Defense counsel—do not relate to the magistrate judge's conclusions and findings in the Report and the court rejects them.

**Remaining Motions**

After issuing the Report, the magistrate judge properly denied (ECF No. 138) Miller's previous motions for default against Apple (ECF Nos. 102; 115). Nonetheless Miller has continued to file motions for or relating to default judgment. (ECF Nos. 147; 179; 183). The court agrees with the reasoning of the magistrate judge in the first order denying Miller's default motions (ECF No. 138) and finds no basis for holding Apple in default. Accordingly, these motions are hereby **DENIED**. (ECF Nos. 147; 179; 183).

6

Finally, for the reasons stated above and in the Report, Miller's motion to dismiss Apple's summary judgment motion (ECF No. 156) is **DENIED**.

**Conclusion**

Having thoroughly reviewed the Report, the record, and the submissions of the parties, the court finds no error in the magistrate judge's Report (ECF No. 141), **ADOPTS** the Report, and incorporates the same herein. Accordingly, the court **GRANTS** Defendant Apple, Inc.'s motion for summary judgment. (ECF No. 112). The court **DENIES** Miller's motion to dismiss Apple's summary judgment motion (ECF No. 156), as well as Miller's remaining motions (ECF Nos. 147; 179; 183), and directs the Clerk of Court not to accept or file any further "motions for default."

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 29, 2022
Anderson, South Carolina